**IN THE COURT OF APPEALS OF IOWA**

No. 14-0676
Filed June 25, 2014

**IN THE INTEREST OF M.K., S.K.,
and T.K.,**
        **Minor Children,**

**B.G., Mother,**
        Appellant.
_____

        Appeal from the Iowa District Court for Greene County, William C.

Ostlund, Judge.


        A mother appeals from the order terminating her parental rights.

**AFFIRMED.**


        Kyle Offis of Hoyt Law Firm, P.C., Jefferson, for appellant.

        Thomas J. Miller, Attorney General, Kathrine S. Miller-Todd, Assistant

Attorney General, and Nicola Martino, County Attorney, for appellee.

        Joel Baxter of Beverly Wild Law Office, P.C., Guthrie Center, for father.

        Mark Rasmussen, Rasmussen Law Office, Jefferson, attorney and

guardian ad litem for minor children.


        Considered by Danilson, C.J., and Potterfield and McDonald, JJ.

**MCDONALD, J.**

Brenda, the mother of M.K., S.K., and T.K., challenges one of the four grounds upon which the district court terminated the parental rights between her and her three children. We affirm the judgment of the district court.

This family came to the attention of the Iowa Department of Human Services ("IDHS") in the fall of 2012 after the police executed a search warrant at the family's residence and discovered methamphetamine, paraphernalia, methamphetamine manufacturing substances, and a handgun. At the time the police executed the warrant, the father, Brandon, fled. Brenda took the children from the residence and delivered them to a friend. While the police were still at the residence executing the warrant, Brenda returned to the residence alone and set fire to a garbage can, which she then pushed against the wall of a small shed in an apparent attempt to raze the shed. The police found methamphetamine manufacturing materials in the shed. The children were removed from Brenda and the father, put in the custody of the IDHS, and placed with the children's grandmother. The children were adjudicated in need of assistance on November 30, 2012. At the time of removal, the children were all under three years of age.

From the initiation of this case, IDHS offered Brenda numerous services in an attempt to reunite her with her children, but to no avail. She failed to attend more than a majority of the supervised visits afforded her. She lacked stable housing, moving on at least three occasions during the life of this case. She refused to provide IDHS with the addresses and names of the people with whom she was residing. She refused to complete drug treatment, denying she used

drugs despite all evidence to the contrary. She also refused mental health treatment. Brenda's initial failure to avail herself of services was made more complicated by developments in the criminal proceedings related to the search warrant executed in 2012.

Brenda and Brandon were both arrested on April 27, 2013. Brenda was charged with several offenses. The IDHS reported to the district court that in 2013 Brenda was convicted of forgery, burglary in the third degree, arson, possession of a controlled substance, unlawful possession of prescription drugs, and manufacturing methamphetamine. At trial, Brenda testified she was convicted of conspiracy to manufacture methamphetamine, arson, burglary in the third degree, and aiding and abetting. Brenda was sentenced to a term of incarceration and then transferred to the Fort Dodge Residential Correctional Facility in October 2013. Brenda did have some visitation with the children while incarcerated, but she was not able to effectively supervise them. IDHS recommended the permanency plan be changed from reunification of the children with Brenda to termination of her parental rights and placement of the children for adoption.

At the time of the termination hearing, Brenda remained in the custody of the Iowa Department of Correctional Services at the Fort Dodge facility. There was evidence put into the record regarding her release date. It was undisputed, however, that the children were not able to be returned to her care at the time of the termination hearing—Brenda agreed with that finding. The district court terminated Brenda and Brandon's parental rights pursuant to Iowa Code section

232.116(1)(d), (e), (h), and (*l*) (2013).  Brandon does not appeal the termination order.

On appeal, Brenda challenges only the termination order pursuant to paragraph (e).  She contends the district court erred in finding she would not be able to care for the children in the foreseeable future because she was in custody and not likely to be discharged any time soon.  Specifically, Brenda contends that subsequent to trial in this case she progressed through faster than expected and will be released sooner than had been anticipated at the time of trial.  None of this is in the record.  In any event, the argument is unavailing.  "When the juvenile court terminates parental rights on more than one statutory ground, we need only find grounds to terminate under one of the sections cited by the juvenile court to affirm."  *In re S.R.*, 600 N.W.2d 63, 64 (Iowa Ct. App. 1999).  Brenda's failure to challenge any of the other three grounds supporting the termination of her parental rights means she has waived those issues on appeal.  *See* Iowa R. App. P. 6.903(2)(g)(3) ("Failure to cite authority in support of an issue may be deemed waiver of that issue.").  We conclude the termination of Brenda's parental rights may be affirmed under any of the other grounds found by the district court.

**AFFIRMED.**